UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MELISSA WHITFIELD and JARED WHITFIELD,<br><br>Plaintiffs, | ) | |
| v. | ) | No.: 3:25-cv-614-TAV-DCP |
| ERIE INSURANCE COMPANY,<br><br>Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' joint motion to stay [Doc. 12], in which the parties request that the Court stay or administratively close this matter pending the resolution of related state criminal proceedings. The parties state that plaintiffs are scheduled to stand trial on February 24, 2027, for criminal charges stemming from the same fire events giving rise to the complaint in the instant matter [*Id.* at 1]. The parties further provide that plaintiffs are currently unable to sit for depositions due to the pending criminal case [*Id.*].

The Court maintains the discretion to stay a civil proceeding pending the outcome of a related criminal action. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). Factors bearing on this determination include:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* (quoting *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1037 (W.D. Mich. 2007)).

Here, the parties have demonstrated that the factors warrant the Court staying this case pending resolution of the criminal action. First, the cases arise from the same alleged conduct [Doc. 12, p. 1]. Second, plaintiffs have already been indicted in the criminal matter [*Id.*]. Third, a stay is in plaintiffs' interest because it will allow them to avoid simultaneous litigation of the civil and criminal actions. Fourth, given its lack of opposition to the request, defendant apparently does not believe it will suffer substantial prejudice from a stay [*Id.* at 1–2]. As to the fifth and sixth factors, a stay will promote judicial economy because resolution of the overlapping criminal case could moot or narrow issues raised in this case.

For good cause shown, and in light of the lack of opposition, the parties' joint motion to stay [Doc. 12] is **GRANTED** to the extent that this case is **STAYED** pending resolution of the related criminal case. The parties are **ORDERED** to notify the Court within **fourteen (14) days** of the resolution of the criminal case. The parties are further **ORDERED** to file a joint status report regarding the status of the criminal matter **ninety (90) days** from the date of this Order, and every **ninety (90) days** thereafter.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE